**Frank A. PONTARELLI et al.**

v.

**CENTRAL FALLS TEACHERS UNION et al.**

**No. 95–132–Appeal.**

Supreme Court of Rhode Island.

March 27, 1996.

David V. Abbott, Stephen Robinson, Providence.

Richard A. Skolnik, Providence.

## ORDER

This matter came before a panel of this court for oral argument on March 19, 1996, pursuant to an order directing the parties to appear and show cause why the issues raised by this appeal should not be summarily decided. After hearing the argument of counsel and examining the memoranda submitted by the parties we are of the opinion that cause has not been shown and that this matter should be summarily decided.

The plaintiffs, Frank A. Pontarelli, in his capacity as special state administrator for the school district of Central Falls, and Maureen Cheverette, in her capacity as superintendent of public schools for Central Falls, (collectively plaintiffs) appeal from an order entered by a Superior Court motion justice that a grievance was subject to arbitration. The grievance was filed by defendants, the Central Falls Teachers' Union, Rhode Island Federation of Teachers, American Federation of Teachers, AFL/CIO, Louis Azza, in his capacity as president of the Central Falls Teachers' Union, Gertrude Richard, in her capacity as secretary of the Central Falls Teachers' Union, and Kevin Ornazian (collectively defendants).

On January 11, 1994, the defendants filed a grievance resulting from the determination of the Central Falls School Committee to discipline Kevin Ornazian (Ornazian), a tenured public school teacher employed by the Central Falls school department, for alleged misconduct. The grievance referenced violations of specific articles of the pertinent collective-bargaining agreement and was referred to arbitration. In response, plaintiffs sought injunctive and declaratory relief in the Superior Court on the basis that the grievance which defendants sought to arbitrate was not arbitrable.

The matter was heard by a Superior Court motion justice on October 21, 1994. The motion justice determined that the grievance filed by defendants was arbitrable and denied plaintiffs' request for injunctive and declaratory relief. The justice found that the grievance drew its essence from the collective-bargaining agreement, which prohibits suspension of an employee without good and just cause. Moreover, motion jus-

tice concluded that the collective-bargaining agreement and G.L.1956 § 16–13–4 did not contradict one another because both require a finding of good and just cause to support the suspension of a teacher and therefore § 16–13–4 was not an exclusive remedy for review and defendants properly elected to submit their grievance to arbitration. An order was entered on November 18, 1994 denying plaintiffs' request for declaratory and injunctive relief from which plaintiffs have filed the instant appeal.

We conclude that the appeals procedure set forth in § 16–13–4 is not an exclusive remedy which preempts the grievance and arbitration process pursuant to the collective-bargaining agreement. The issue raised by the grievance involved the terms and conditions of Ornazian's employment and, as such, was an issue that was arbitrable pursuant to the terms of the collective-bargaining agreement.

For the foregoing reasons the plaintiffs' appeal is denied and dismissed and the order appealed from is affirmed. The papers of the case are remanded to the Superior Court.

BOURCIER, J., did not participate.